**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

Mirna Gomez Perez,
    Plaintiff,

v.

Potter, et al.
    Defendants.

**Civil No. 03-2236 (DRD)**

**REPORT AND RECOMMENDATION**

This matter is before the court on a motion for summary judgment submitted by defendant, United States Postal Service ("Postal Service"). The instant action arises from alleged age discrimination and retaliation by the Postal Service against the plaintiff, Mirna Gomez Perez ("Gomez"), in violation of Title VII of the Civil Right Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). After reviewing the record, the parties' well-pled submissions, and the pertinent law, the court **RECOMMENDS** that the motion be **GRANTED.** (See Docket No. 43.)

**I.     Summary Judgment Standard**[1]

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that the is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In order to defeat summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." See Fed. R. Civ. P. 56(e). The court must view the record and all reasonable inferences in the light most favorable to the party opposing summary judgment. See id. If the court finds that some genuine factual issues remains, whose resolution could affect the outcome of the case, the court must deny the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 284 (1986). "The movant's burden is particularly rigorous when the disputed issue involves

---

[1] The court notes that both parties have complied with Local Rule 56.

**Civil No. 03-2236 (DRD)**                2

questions of motive or intent, since in these cases jury judgments about credibility are typically thought to be of special importance." Lipsett v. Univ. of P.R., 864 F.2d 881, 895 (1st Cir. 1988).

In a discriminatory employment action case, a plaintiff "will rarely, if ever, be able to produce a 'smoking gun' that provides direct, subjective evidence of an employer's animus. Rather, a plaintiff must try to convince the fact finder to draw an inference from a broad array of circumstantial and often conflicting evidence..." Id. Even in these cases, however, the court will not refuse to grant summary judgment in favor of the defendant if the plaintiff's claim rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Suarez v. Pueblo Int'l Inc., 229 F.3d 49, 53 (1st Cir. 2000) (citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

**II.      Procedural History and Relevant Factual Background**

This action for age discrimination and retaliation was commenced on November 11, 2003. (Docket No. 1.) On July 7, 2005, the Postal Service filed its motion for summary judgment asserting that the record reflects no genuine issue of material fact. (Docket No. 43.) In support of its motion, the Postal Service asserts that the plaintiff failed to make a *prima facie* showing of age discrimination and retaliation. The motion was accompanied by a duly formulated Statement of Material Facts and supporting exhibits. (Docket No. 44.)

On July 27, 2005, the plaintiff opposed defendant's motion for summary judgment and attached an equally adequate response to defendant's Statement of Material Facts. (Docket Nos. 48 & 49.) The plaintiff's opposition almost exclusively controverted defendant's retaliation argument, yet merely glossed over the main age discrimination claim. On August 30, 2005, the Postal Service filed a reply to plaintiff's opposition with an accompanying additional statement of facts. (Docket Nos. 56 & 57.) In its reply, the Postal Service asserted that the United States had not expressly waived its sovereign immunity for retaliation claims under ADEA and thus plaintiff's case should be summarily dismissed. On September 12, 2005, plaintiff filed her sur-reply, with accompanying statement of facts, arguing that sovereign immunity has indeed been waived for retaliation claims under ADEA. (Docket Nos. 60 & 61.) On November 11, 2005, the case was assigned for report and recommendation (Docket No. 62.)

The following facts are undisputed. Gomez, date of birth May 8, 1957, began working for the U.S. Postal Service in New York in or about March 1987. (See Docket No. 44, ¶ 1.) In or about 1995, Gomez requested and was reassigned to the Caribbean District of the Postal Service. (Id. at ¶ 2.) In or about July 1997, Gomez was transferred to the Dorado station in a "mutual swap" of stations with a Dorado employee. (Id.) Gomez worked in the Dorado Post Office from July 5, 1997 until November 2, 2002 as a full-time regular Window Distribution Clerk, under the supervision of Post Master Onell Rivera ("Rivera"). (Id. at ¶¶ 3-4; Docket No. 49, ¶ 3.)

On October 24, 2002, Gomez voluntarily requested a transfer to a part-time flexible Window Distribution Clerk at the Moca Post Office. (Id. at ¶ 5.) Gomez requested the transfer in order to be closer to and care for her ailing mother. (Id.) Wanting to keep Gomez in Dorado, Rivera spoke to Gomez before the transfer took place. (Id. at ¶ 6.) Rivera advised Gomez to consider the change as she would be changing over to a part time flexible position. (Id.) Gomez was aware that her transfer to Moca was not a temporary one. (Id. at ¶ 10.) She was further aware that she was working in a part time flexible position and was not guaranteed a forty-hour work schedule. (Id.) On November 2, 2002, Gomez' transfer was approved and Gomez began work in the Moca Post Office as a part time Flexible Window Sales Associate, under the supervision of Post Master Jose Antonio Cintron ("Cintron"). (Id. at ¶¶ 7-9.) Cintron would later be reassigned (January 2003) to the Sabana Grande Post Office but would continued to supervise activities in Moca during the hiring of a new post master. (Id. at ¶ 29.)

On October 30, 2002, postal employee Ivette Claudio ("Claudio") submitted a letter to the Dorado Post Master requesting reassignment from the Air Mail Facility. (Id. at ¶ 13.) On November 6, 2002, Rivera informed Claudio that there was a part time flexible position available and would grant her request if she wanted that position. (Id. at ¶ 14.) Through a letter dated November 22, 2002, Rivera notified the president of the local union of Gomez's transfer, the vacancy left as a result of her transfer, Rivera's intention to revert the vacancy from a full time position to a part time flexible one, and the process to be followed in order to complete the reversion. (Id. at ¶ 20.) The position was subsequently reverted on November 30, 2002, (Id. at ¶ 22.)

Through a letter dated November 27, 2002, Rivera confirmed a telephone conversation he

**Civil No. 03-2236 (DRD)**                                    4

had with Gomez in which Rivera asked Gomez to put in writing her request to return to Dorado, her reasons, the availability of a part time position, and reiterating that there was a written commitment with another employee pending final approval by the District. (Id. at ¶ 21.) On November 27, 2002, Gomez filed a grievance with the American Postal Workers' Union (APWU) regarding her request to be transferred back to the Dorado station. (Id. at ¶ 24.) The grievance process took due course and was ultimately denied. (Id.)

Gomez worked at the Moca Post Office from November 2, 2002 to May 31, 2003. (Id. at ¶ 30.) On May 31, 2003, she was reassigned to Sabana Seca after requesting a voluntary transfer. From May to August 23, 2003, Gomez was a part time flexible Sales, Service and Distribution Associate in Sabana Seca until she was granted a full time position. From November 2002 to February 2003, Gomez worked at the Moca Post Office forty plus hours cleaning up the backlog of work. (Id. at ¶ 43.) In March 2003, Gomez worked six hours per day and had no days off. (Id.)

On February 22, 2003, Gomez filed a formal EEO Complaint of Discrimination with the Postal Service alleging age discrimination, specifically against Rivera. (Id. at ¶ 32.) In the EEO Investigative Affidavit, Gomez asserted that since she "[did] not work with packages, Rivera took this opportunity to do away with" her. (Id. at. ¶ 33.) Gomez also asserted that she believed that Claudio was in her late 20s to 30s and that this may have been why Rivera wanted her. (Id. at ¶ 34.)

On March 5, 2003, Gomez was subjected to a pre-disciplinary talk by area cluster leader Heriberto Ramos ("Ramos") at Cintron's request. (Id. at ¶ 51.) At the meeting, Ramos spoke to Gomez about complaints he received from a male employee who felt that Gomez sexually harassed male employees at the Moca Post Office by greeting them with a kiss on the cheek. (Id. at ¶¶ 50-51.)

Gomez admits that she cannot name any similarly situated employees whom were granted a return to an original assignment after their position had been reverted. (Id. at ¶ 46.) Gomez also admits that she cannot name any similarly situated employees who were given more hours than she was given. (Id. at ¶ 48.)

**III.   Analysis**

   ***A.     Retaliation Claim***

As a threshold issue, the Postal Service argues that the United States has not waived its

**Civil No. 03-2236 (DRD)**                5

sovereign immunity to be sued for retaliation under ADEA claims. The court agrees. It has been clearly established that the United States may not be sued unless federal legislation specifically authorizes the suit. See Lane v. Peña, 518 U.S. 187, 192 (1996). Only Congress can consent to suits against the United States, and the waiver must be explicit. Id.

The ADEA provision affecting private employers prohibits retaliation against employees who have complained of discrimination under ADEA, yet the federal counterpart of the chapter does not. See 29 U.S.C. §§ 623 & 633a. Section 633a prohibits age discrimination by federal agencies and gives plaintiffs a vehicle under which to sue the United States. The section does not, however, expressly allow for retaliation claims. In fact, the section sets out an exclusivity clause that limits application of any other provision of the chapter to the section affecting federal employers. Id. at §633a(f) ("[a]ny personnel action of any department, agency, or other entity referred to in subsection (a) of this section shall not be subject to, or affected by, any provision of this chapter...").

The plaintiff makes a strong argument for finding that an implied waiver exists and cites to recent case law to that effect. See Forman v. Small, 271 F.3d 285, 298-99 (D.C. Cir. 2001), cert denied, 36 U.S. 958 (2002). However, in comporting with the well established tenets of sovereign immunity, the court cannot overlook the plain language of ADEA. As currently laid out, ADEA does not expressly waive the immunity of the United States for retaliation claims arising out of an age discrimination complaint. Therefore, the court recommends that summary judgment be entered on behalf of the Postal Service and plaintiff's retaliation claim be dismissed with prejudice. See Cyr v. Perry, 301 F.Supp.2d 527, 533 (E.D.Va. 2004) (disagreeing with "perceived breadth or generality" of implicit waiver is §633a ); Whitman v. Mineta, 382 F.Supp.2d 1130, 1134 (D.Alaska 2005) (finding "perceived breadth" analysis unpersuasive).

   ***B. Age Discrimination Claim***

In order to survive a summary judgment motion, a plaintiff bears the burden of establishing a *prima facie* case of discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). To establish a *prima facie* ADEA case, the plaintiff must show that: 1) she was at least forty (40) years old, and thus a member of a group protected from discrimination; 2) her job performance met employer's legitimate expectations; 3) she was subjected to an adverse employment action

**Civil No. 03-2236 (DRD)**                                            6

attributable to the employer; and 4) the employer had a continuing need for the services that she had been rendering. See Suarez v. Pueblo Int'l, Inc., 229 F.3d at 53.

Although Gomez makes mention of her cause of action in her motion in opposition to summary judgment, she has failed to present an argument to support of her claim of age discrimination. Neither Gomez's memorandum in support of her opposition nor her sur-reply contain a substantive argument to support this allegation. In fact, the memorandum and sur-reply almost exclusively focus on the retaliation claim. The First Circuit has held that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). The court, nonetheless, analyzes this issue based on the undisputed facts.

It is undisputed that Gomez was of the protected class at the time of the alleged employment discrimination. The record also reflects that Gomez's job performance met her employer standards. The record reflects that Gomez's supervisor in Dorado liked her work and tried to keep her at that station. At the time, Gomez had also been a postal employee for approximately fifteen (15) years and is still currently employed with the Postal Service in a full time position. However, these two prongs are not sufficient by themselves to survive summary judgment.

It is also undisputed that Gomez voluntarily sought a transfer from her full time position in Dorado to a part time position in Moca for personal reasons. Gomez admits that she knew the position in Moca was part time, would not guarantee her forty hours per week and was not temporary. The record is also clear that post master Rivera sought to revert Gomez' position after she left and in fact filled the position as a part time flexible one instead of full time regular one. It is clear from this record, and from Gomez's admissions, that there are no disputed facts as to any of the material issues in the case. Gomez has not been able to present enough dispute as to any material fact which relates to her *prima facie* case. In fact, Gomez can only point to "beliefs" and speculation to support her alleged age discrimination claim. The court cannot and will not deny summary judgment if the plaintiff's claim rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." See Suarez v. Pueblo Int'l Inc., 229 F.3d at 53. Therefore, given that there are no disputes as to material facts, and that Gomez cannot overcome the

**Civil No. 03-2236 (DRD)**                              7

*prima facie* hurdle, the court recommends that summary judgment be entered on behalf of the Postal Service for the employment discrimination claim as well.

### IV. Conclusion

For the aforementioned reasons, the court **RECOMMENDS** that the Postal Service's motion for summary judgment be **GRANTED**. (Docket No. 43.)

Under the provisions of 28 U.S.C. § 636(b)(1)(B) and (c), and Rule 72(d) of the Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection with the Clerk of Court within ten (10) days of being served with a copy thereof. The written objections must specifically identify the portion of the report and recommendation to which objection is made and the basis for such objection. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED**.

In San Juan, Puerto Rico this 30th day of January 2006.

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States Magistrate-Judge

**Civil No. 03-2236 (DRD)**            8